# Margut, Appellant, *v.* United Brethren Mutual Aid Society.

*Contract—Rescission—Laches.*

One who desires to take advantage of a change in the contract relation between them, made by the other party, must do so within a reasonable time. If he continues for a long period to treat the contract as still in force, he will be bound by it, subject to the modification introduced.

*Mutual insurance association—Transfer of member to a different class— Acquiescence.*

Plaintiff having become a member of a mutual insurance association was assigned to a particular class therein, and continued a member of this

class for thirteen years. Subsequently this class was dissolved, and the members distributed among other classes by a resolution of the board of directors, and a similar change was again made two years later. Notice of the action of the directors, was printed on the backs of the assessment notices. Plaintiff continued to pay assessments for three years after the last change was made, and then brought suit to recover the amount of the assessments paid, alleging breach of contract on the ground that the assessments were rendered heavier by the change of her classification, and claiming the right to rescind.

*Held,* that in consequence of her continuing to pay assessments for more than three years without protest, the defendant had a right to assume that she assented to the change; and, therefore that she was bound by the contract.

Argued Feb. 18, 1892. Appeal, No. 275, Jan. T., 1892, by plaintiff, Barbara Margut, to the use of Bartholomew Margut, from judgment of C. P. Lebanon Co., March T., 1891, No. 121, refusing to take off nonsuit. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover money paid on contract of insurance.

On the trial before SIMONTON, P. J., the evidence was to the following effect: Plaintiff was accepted as a member of defendant association in 1872, receiving a certificate setting forth that she was a member of Class 4, and that upon her death the benefit secured—$1,000— should be paid to her son, provided she continued to comply with the requirements of the constitution and by-laws of the society. The constitution and by-laws provided that a class should consist of one thousand members, at the average age of forty-six years at the time of joining the society. If the average age was higher, a less number should constitute a class. The conditions of membership were that the plaintiff was to be subject to annual payments and mortality assessments upon notice from the society. This contract between the parties was carried out until 1884, when plaintiff's classification was changed, Class 4 being dissolved and the members distributed among other classes by a resolution of the board of directors. Notice of the change was printed on the back of the assessment notices sent to plaintiff. Again, in 1887, the classification of plaintiff was changed by a similar resolution, and she was transferred to "Division D." Plaintiff continued without protest to pay assessments for the space

of three years, when she brought this suit, alleging that the two transfers were illegal and void, and that because of these wrongful acts of defendant, she was entitled to rescind the contract and recover back the money paid thereon.

The court entered a compulsory nonsuit, and a motion to take it off was subsequently overruled.

Plaintiff appealed.

*Errors assigned* were, (1) holding as a matter of law that the plaintiff did not exercise the right to rescind within a reasonable time ; (2) not leaving the question whether or not the time was reasonable to the jury; (3) entering and (4) refusal to take off the nonsuit.

*B. M. Strouse, P. H. Reinhard* with him, for appellant.

*Lyman D. Gilbert,* of *Weiss & Gilbert, S. P. Light* with him, for appellee.

PER CURIAM, March 28, 1892:

We do not think the court below erred in refusing to take off the compulsory nonsuit. The plaintiff continued to pay assessments for more than three years after she had received notice that her classification had been changed in " Division D." Under these circumstances the company had a right to assume that she had assented to such change, and we think the learned judge below was right in holding that : " If the plaintiff intended to claim that her contract relations were changed to such an extent as to give her the right to rescind the contract, she must exercise that right within a reasonable period, and not continue to treat the alleged changed contract as still in force ; and having continued to treat it as in force by paying assessments for about three years and a half after the change was made, we think she is bound by that contract, and cannot now rescind it."

Judgment affirmed.